

# In the Court of Criminal Appeals of Texas

---

No. PD-0184-22

---

EX PARTE CHESTER SINCLAIR,

*Appellant*

---

On State's Petition for Discretionary Review
And Discretionary Review on Court's Own Motion
From the Thirteenth Court of Appeals
Bexar County

---

YEARY, J., announced the judgment of the Court and filed an opinion in which KELLER, P.J., and KEEL, J., joined. RICHARDSON and MCCLURE, JJ., concurred in the result. NEWELL, J., filed a dissenting opinion in which HERVEY, WALKER, and SLAUGHTER, J.J., joined.

This case arises out of actions taken by a Bexar County magistrate judge on an application for a writ of habeas corpus in a deferred-adjudication community supervision case. We granted the

State's petition for review to decide whether the court of appeals had jurisdiction over Appellant's attempted appeal from proceedings on that application. On the Court's own motion, we also granted review to decide whether, in a habeas proceeding under Article 11.072 of the Texas Code of Criminal Procedure, a trial court has jurisdiction to rule on a motion to reconsider after the trial court has entered an appealable order granting or denying, in whole or part, an application under the statute.

Because we conclude that the trial court failed to enter an appealable order granting or denying Appellant relief, we have no cause to reach the question on which we separately granted review. And for the same reason, we conclude that the court of appeals lacked jurisdiction over Appellant's attempted appeal. Therefore, we vacate the judgment of the court of appeals, dismiss the appeal, and remand the case to the trial court with instructions to dismiss the appeal.

## I. BACKGROUND

### A. Habeas Application

In 1998, Appellant pled *nolo contendere* to the offense of indecency with a child by sexual contact, alleged to have been committed in 1996. *See* TEX. PENAL CODE § 21.11. The trial court placed him on deferred adjudication community supervision for a period of six years, which Appellant successfully completed in 2004. Nevertheless, in 2018, following a recantation by the child-victim, Appellant sought relief from the trial court's order imposing community supervision through an application for a writ of habeas corpus, claiming actual innocence. TEX. CODE CRIM. PROC. art. 11.072.

On October 2, 2018, the presiding judge of the trial court—the

227th District Court in Bexar County—referred the matter to a criminal law magistrate in an order with instructions to "[i]ssue the writ of habeas corpus" and "conduct a hearing." *See* TEX. GOV'T CODE § 54.908 (governing the scope of the powers of a criminal magistrate in Bexar County). The district court judge's order of referral instructed the magistrate judge to "[a]ct in accordance with Sec. 54.908, Gov't Code, by virtue of which this matter is referred." It further stated that "[a]ny action you [the magistrate judge] take will become a decree of this Court if not super[s]eded by an order entered by me within fifteen (15) days of your report of your action to me."

The magistrate judge held an evidentiary hearing in March of 2019, at the conclusion of which he granted the parties a month to file proposed findings of fact and conclusions of law. On August 19, 2019, the magistrate judge signed Appellant's recommended findings of fact and conclusions of law. This document concludes with the sentence: "Based on these Findings of Fact and Conclusions of Law, the Court recommends that relief be granted based on actual innocence." On the reporter's record of the August 19th hearing, the magistrate judge also orally stated that "[t]his Court hereby enters written findings of fact and conclusions of law which will be placed in the court's file."

Twenty-four days later, on September 12, 2019, the State filed a motion, directed to the magistrate judge, requesting that he reconsider his recommended findings of fact and conclusions of law.[1] The

---

[1] This motion to reconsider was directed to the 227th District Court. The fact that the State contemplated that the magistrate judge would rule on the motion, however, is evident from the proposed order the State attached to

magistrate judge granted the State's motion on September 17, 2019, thereby agreeing to reconsider his initial recommended findings and conclusions and his recommendation that relief should be granted. Subsequently, at a brief, non-evidentiary hearing held on November 5, 2019, the magistrate judge orally adopted the State's proposed findings of fact and conclusions of law. He then purported also to orally deny Appellant relief. This time, however, no contemporaneous written order was entered to memorialize this purported ruling.[2]

**B. Appeal**

On December 2, 2019, Appellant filed his notice of appeal from the magistrate judge's November 5th ruling. Rather than address the appeal on the merits, however, the court of appeals initially notified the parties, by a letter dated February 7, 2020, that the appeal was in danger of being dismissed for lack of a "final, signed order." *See* TEX. R. APP. P. 37.1; *State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App.

---

the motion. The signature line for the court's ruling, as prepared by the State, listed the magistrate judge's name as the "Judge Presiding," rather than the district court judge's name.

[2] At the November 5th hearing, the magistrate judge announced from the bench: "I now set aside my previous findings of fact and conclusions of law and I adopt the State's proposed findings of fact and conclusions of law and they are hereby filed and entered of record in this cause." But there is no version of the State's proposed findings of fact and conclusions of law in the clerk's record that was *signed* by the magistrate judge. Moreover, the copy of the State's proposed findings and conclusions that *are* in the clerk's record— *unsigned* by the magistrate judge—do not purport to deny relief, but only to recommend to the trial court that *it* deny relief. The magistrate judge continued: "To summarize, I am denying relief under the application for writ of habeas corpus." But there is no written order from the magistrate judge in the clerk's record reflecting such a purported denial of relief, as the court of appeals would soon notice.

2012) ("precedent requires that an order be in writing"). The State—not Appellant—responded to this letter by seeking a written order from the magistrate judge, through what it called a "STATE'S MOTION TO ENTER," to memorialize the magistrate judge's November 5th ruling. On February 18, 2020, the magistrate judge signed the State's proposed written order, purporting to "enter[] into the record the ruling of the habeas court [on November 5, 2019], finding that relief should be denied." The court of appeals apparently accepted this as the written order of the trial court denying Appellant relief, as it thereafter proceeded on the assumption that it had acquired appellate jurisdiction.

On the merits, Appellant argued that the court of appeals should reinstate the magistrate judge's August 19th recommendation that relief be granted because he had lacked jurisdiction to entertain the State's September 17th motion for reconsideration. *Ex parte Sinclair* (*Sinclair I*), 13-20-00065-CR, 2021 WL 5930728, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 16, 2021) (mem. op., not designated for publication).[3] In response, the State contended that its motion for reconsideration, like a motion for new trial, could be filed outside of the twenty-day window for filing a notice of appeal. *Id.*; *see* TEX. R. APP. P. 26.2(b) ("The [State's] notice of appeal must be filed within 20 days after the day the trial court enters the order . . . to be appealed."). Therefore, in the State's view, the trial court had retained plenary jurisdiction to consider its motion for reconsideration and to alter its ruling. *Sinclair I*, 2021 WL 5930728, at *2.

---

[3] The appeal was transferred by order of the Supreme Court of Texas from the Fourth Court of Appeals to the Thirteenth Court of Appeals. *See* TEX. GOV'T CODE § 73.001.

On original submission, the court of appeals sided with Appellant, holding that: (1) the State's motion to reconsider was not the functional equivalent of a motion for new trial and therefore did not extend the trial court's jurisdiction; and (2) the State failed to appeal from the trial court's original grant of relief within twenty days, as required by Article 44.01 of the Code of Criminal Procedure and Texas Rule of Appellate Procedure 26.2. *Id.* at \*3–4 (citing TEX. CODE CRIM. PROC. art. 44.01(d); TEX. R. APP. P. 26.2(b)). In the court of appeals' view, the State's only recourse to challenge the granting of relief under Article 11.072 was to appeal, not to seek reconsideration in the trial court. *Id.* Consequently, the court of appeals reversed the written order that was ultimately entered on February 18, 2020, and remanded the case to the trial court with instructions to vacate the order of September 17, 2019, which had purported to grant the State's motion to reconsider. *Id.* at \*4.[4]

Following the court of appeals' decision on original submission, the State filed a motion for rehearing. In its motion, the State argued—for the first time—that the magistrate judge had lacked "authority to

---

[4] On both original submission and rehearing, the court of appeals treated every action of the magistrate judge as if it had constituted a definitive ruling by "the trial court," *i.e.*, the district court judge—as if the district court judge had been the one to undertake the initial fact development. *See*, *e.g.*, *Ex parte Sinclair* (*Sinclair II*), 13-20-00065-CR, 2022 WL 619146 at \*1 (Tex. App.—Corpus Christi–Edinburg Mar. 3, 2022) (mem. op., not designated for publication) ("After this Court notified Sinclair his appeal would be dismissed because there was no written, final judgment, the State—not Sinclair—sought an appealable order *from the trial court, a Bexar County Magistrate*.") (emphasis added). This is so even though the district court judge never entered a written order following his original order of October 2, 2018, in which he referred the case to the magistrate judge to do no more than simply: (1) issue the writ, and (2) conduct a hearing.

issue a final order regarding a writ of habeas corpus" on the trial court's behalf and that, therefore, the court of appeals lacked jurisdiction over the case for want of an appealable order. *Ex parte Sinclair* (*Sinclair II*), 13-20-00065-CR, 2022 WL 619146 at *1 (Tex. App.—Corpus Christi– Edinburg Mar. 3, 2022) (mem. op., not designated for publication). The court of appeals refused to entertain the merits of the State's argument, however. *Id.* It reasoned that the State was precluded under the doctrine of invited error from challenging the basis for its exercise of appellate jurisdiction on original submission. *Id.* (citing *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011)).[5] Having solicited the written order of February 18th from the magistrate judge in response to the court of appeals' February 7th letter threatening to dismiss the appeal— and having expressly requested the court of appeals to entertain Appellant's appeal based on that February 18th order—the State would not be heard to contest the appellate court's jurisdiction on rehearing. *Id.*

The court of appeals next reiterated that its disposition on original submission had been "merely" to remand the case with instructions to the trial court to vacate the magistrate judge's September 17th order granting the State's motion for reconsideration of its August 19th findings and conclusions and recommendation as to relief. *Id.* at *2. The court of appeals also then observed that its original opinion had been "limited to the trial court's September 17 order." *Id.* It

---

[5] The court of appeals did not expressly address whether the invited-error estoppel doctrine could operate to confer appellate jurisdiction that was otherwise lacking. We note that this Court's opinion in *Woodall* did not involve invited-error estoppel that was deemed to confer jurisdiction.

observed that it had "not address[ed] the merits or applicability of any of the trial court's previous orders *or whether any of those previous orders are final judgments." Id.* (emphasis added). It then appended a footnote in which it acknowledged—for the first time—that the trial court had referred this case to the magistrate judge, and that the referral order provided that the magistrate judge's actions would become the decree of the trial court if not superseded within fifteen days of "reporting" its action to the trial court. *Id.* at \*2 n.3. The footnote ended by quoting Sections 54.912(a) and (c) of the Government Code, which required the trial court to "enter a decree on the minutes adopting the actions of the magistrate of which the court approves[.]" *Id.* (citing TEX. GOV'T CODE § 54.912(a), (c)).

## C. Discretionary Review

This Court granted the State's petition for discretionary review, which raised a single ground: "Did the court of appeals have jurisdiction over [Appellant's] appeal?"[6] The State argues that the court of appeals lacked jurisdiction over this case because the trial court failed to enter an appealable order in the first instance. The State reasons that the

---

[6] As we observed at the outset, we also granted a second ground for review on our own motion, namely: "In a proceeding under Article 11.072 of the Code of Criminal Procedure, does a trial court have jurisdiction to rule on a motion to reconsider after the trial court has entered an appealable order denying or granting, in whole or part, an application under the statute?" *Ex parte Sinclair*, No. PD-1084-22, 2022 WL 4088314, at \*1 (Tex. Crim. App. Sept. 7, 2022) (order, not designated for publication). Of course, if the court of appeals lacked jurisdiction over the appeal, as the State's ground for review contends, then the ground that this Court granted on its own motion would essentially prove moot: The court of appeals' ruling with respect to whether Article 11.072 conferred authority on the magistrate judge to consider the State's motion for reconsideration would be nullified.

magistrate judge's August 19th action did no more than *recommend* that the trial court grant Appellant relief—and neither the trial court's referral order nor the statute delineating the scope of the magistrate judge's power, located in Chapter 54 of the Government Code, authorized anything more. State's Brief at 21–24; *see* TEX. GOV'T CODE § 54.908 (explicitly authorizing a magistrate in Bexar County to ultimately "rule" *only* "on admissibility of evidence" and "on a pretrial motion"). Without an appealable order, the State contends, the court of appeals never acquired jurisdiction. *Id.* at 24.

Appellant responds that, under the trial court's referral order and the statute governing such referrals, the trial court judge procedurally adopted the magistrate judge's recommended findings and conclusions as its own decree, and thereby entered an appealable order, which the State failed to timely appeal. Appellant's Brief at 13. Appellant also contends that the State, in having moved for reconsideration, acknowledged that the magistrate judge's "original [o]rder granting relief was not a mere recommendation[,]" and that the State is therefore estopped from arguing otherwise before this Court. *Id.* (citing, as did the court of appeals, *Woodall*, 336 S.W.3d at 644).[7]

---

[7] With respect to the ground for review that this Court granted on its own motion, the State argues that the magistrate judge retained plenary power for thirty days over its "order" of August 19, 2019, (which had merely *recommended* granting Appellant relief) and, therefore, he had "implied jurisdiction" to reconsider his recommended findings of fact and conclusions of law during that period. State's Brief at 14, 19. Appellant responds that Section 8 of Article 11.072, in explicitly providing a right to appeal a trial court's order granting or denying relief, precludes other remedies, including a motion to reconsider. Appellant's Brief at 7; TEX. CODE CRIM. PROC. art. 11.072 § 8. Because our resolution of the State's ground for review is sufficient to dispose

## II. APPLICABLE STATUTES

We are compelled here to focus on and understand the operation of two separate statutes, one located in our Code of Criminal Procedure, and another one located in our Government Code. First, Article 11.072 of our Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from *an order* or judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. art. 11.072 § 1 (emphasis added).[8] Second, Subchapter N in Chapter 54 of our Government Code, which includes Sections 54.901 to 54.913 of that code, establishes criminal law magistrates in Bexar County to assist "[t]he judges of the district courts of Bexar County that give preference to criminal cases" by "perform[ing] the duties authorized by [that] subchapter." TEX. GOVT. CODE § 54.901(a).

Section 6(a) of Article 11.072 provides that "the trial court shall enter a written order granting or denying the relief sought in the application" within sixty days from the date the State files its answer. *Id.* at § (6)(a). If the trial court concludes that an applicant is "manifestly entitled to no relief," then the application may be dismissed as frivolous,

---

of the case, however, we do not ultimately resolve the ground for review that we granted on our own motion.

[8] On its face, Section 1 of Article 11.072 permits a defendant who is placed on deferred adjudication community supervision to pursue habeas relief. Section 2(b) also includes applicants like Appellant, who have completed their community supervision, by its requirement that, "[a]t the time the application is filed, the applicant must be, *or have been*, on community supervision[.]" *Id.* at § 2(b) (emphasis added).

and the trial court "shall enter a written order denying the application as frivolous." *Id.* at § 7(a). "In any other case, the [trial] court shall enter a written order including findings of fact and conclusions of law." *Id.* Thus, the statute pervasively contemplates that the writ must be disposed of by a written order from the trial court.

Article 11.072 also explicitly provides that, to assist in processing such writ applications, a trial court judge may enlist the services of a magistrate judge. Section 6(d) of Article 11.072 specifies that "[t]he court may appoint [a] . . . magistrate to hold a hearing ordered under this section and make findings of fact." *Id.* at § (6)(d). But Article 11.072, *itself*, enumerates no *further* duties a magistrate judge may perform with respect to an 11.072 application.

On the other hand, Texas Government Code Section 54.906, titled "**Proceeding That May Be Referred**[,]" specifies: "(a) A judge may refer to a magistrate any criminal case for proceedings involving . . . (3) a postconviction writ of habeas corpus[.]" TEX. GOV'T CODE § 54.906(a)(3). Because Appellant successfully completed deferred adjudication, his 11.072 writ is not a *postconviction* writ of habeas corpus application. *See Ex parte White*, 506 S.W.3d 39, 45 n.30 (Tex. Crim. App. 2016) ("Deferred adjudication . . . is not a conviction."). However, Section 54.906 also includes a catch-all provision which permits a judge to refer to a magistrate "(8) any other matter the judge considers necessary and proper[.]" TEX. GOV'T CODE § 54.906(a)(8). Article 11.072 also clearly contemplates that habeas applications requesting relief from an order of deferred adjudication community supervision may be referred to a magistrate judge, at least for some

limited purposes. *See* TEX. CODE CRIM. PROC. art. 11.072 § 6(d) ("The trial court may appoint an attorney or magistrate to hold a hearing ordered under this section and make findings of fact.").

Once such a referral has been made, the question of the *scope* of the magistrate judge's authority to act is another question. Section 54.908 of the Government Code (titled "**Powers**") generally delineates the scope of that authority, and only explicitly authorizes magistrates to ultimately "rule" on a very limited number of matters—namely, "admissibility of evidence" and "a pretrial motion[.]" TEX. GOV'T CODE § 54.908(a)(4), (a)(10). There is, however, another catch-all provision in Section 54.908(a)(15), which also authorizes a magistrate judge to "do any act and take any measure necessary and proper for the efficient performance of the duties *required by the order of referral.*" TEX. GOV'T CODE § 54.908(a)(15) (emphasis added).[9]

Finally, Article 11.072, Section 6(d)'s provision for appointment of a magistrate specifically limits the magistrate judge's power to "hold[ing] a hearing . . . and mak[ing] findings of fact"—nothing more. In short, a magistrate judge's authority to act in an Article 11.072 proceeding is expressly circumscribed. It is thus up to the district court judge, under the express requirements of Article 11.072, to take the work product of a magistrate judge and convert it into the "written

---

[9] The district court judge's order of referral in this case, however, limited the duties of the magistrate judge to "[i]ssu[ing] the writ" and to "conduct[ing] a hearing." We note that Section 6(d) of Article 11.072 does not empower magistrate judges to *issue* writs of habeas corpus; however, in any event, under Section 4(a), "[w]hen an application is filed under this article, a writ of habeas corpus issues by operation of law." TEX. CODE CRIM. PROC. art. 11.072 §§ 6(d), 4(a).

order" of the trial court granting or denying relief. So, how does the district court judge go about this?

Under the Texas Government Code, "[a] referring court may modify, correct, reject, reverse, or recommit for further information any action taken by the magistrate." TEX. GOV'T CODE § 54.912(a). If the referring court does nothing, then "the [magistrate's] action becomes the decree of the court." *Id.* at § 54.912(b). Section 54.912 contains no provision, however, that expressly authorizes "the referring court" prospectively to declare that, if it should fail to "supersede" the magistrate's "action" *within a certain time to be specified by the referring court*, that action will become the "decree" of the referring court. Instead, Section 54.912(c) explicitly provides: "At the conclusion of each term during which the services of a magistrate are used, the referring court shall enter a decree on the minutes adopting the actions of the magistrate of which the court approves." *Id.* at § 54.912(c).

### III. ANALYSIS: WAS THERE EVER AN APPEALABLE ORDER?

Appellate jurisdiction must be legislatively conferred. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Under Article V, Section 6, of the Texas Constitution, "a statute must expressly give the courts of appeals jurisdiction." *Whitfield v. State*, 430 S.W.3d 405, 407−08 (Tex. Crim. App. 2014). Jurisdiction of the courts of appeals to entertain appeals from a trial court's resolution of community-supervision writ applications under Article 11.072 is expressly conferred by Section 8 thereof. TEX. CODE CRIM. PROC. art. 11.072 § 8. That provision authorizes the losing party to appeal. Specifically, it provides that the applicant may appeal "[i]f the application is denied in whole or

in part," and the State may appeal "[i]f the application is granted in whole or in part[.]" *Id.*

This Court's precedent requires that, generally, for an appeal from an order to proceed, that order must have been reduced to *writing*. *Sanavongxay*, 407 S.W.3d at 258−59;[10] *see also Guthrie-Nail v. State*, 543 S.W.3d 225, 227 (Tex. Crim. App. 2018) (recognizing that a *nunc pro tunc* judgment is an appealable order, but that a court of appeals cannot "assert jurisdiction over the case grounded on a docket entry and oral ratification of a pre-existing judgment"). Whether the court of appeals in this case acquired jurisdiction therefore depends upon whether the

---

[10] While *Sanavongxay* concerned a State's appeal, that case stands for the general proposition that "our precedent requires that an [appealable] order be in writing." 407 S.W.3d at 258–59. Although there are no published opinions on point, every court of appeals that has confronted the issue has applied the same rule to appeals taken by appellants. *See Prince v. State*, No. 01-17-00200-CR, 2017 WL 1434271, at *2 (Tex. App.—Houston [1st Dist.] Apr. 20, 2017) (mem. op., not designated for publication); *Awadalla v. State*, No. 02-20-00102-CR, 2020 WL 5949918, at *1 (Tex. App.—Fort Worth Oct. 8, 2020) (mem. op., not designated for publication); *Holt v. State*, No. 03-19-00468-CR, 2019 WL 6870343, at *1 (Tex. App.—Austin Dec. 17, 2019) (mem. op., not designated for publication); *Noble v. State*, No. 05-23-01179-CR, 2023 WL 8519107, at *1 (Tex. App.—Dallas Nov. 22, 2023) (mem. op., not designated for publication); *Harper v. State*, No. 08-22-00001-CR, 2022 WL 633389, at *1 (Tex. App.—El Paso Mar. 4, 2022) (mem. op., not designated for publication); *Nichols v. State*, No. 09-14-00048-CR, 2014 WL 1400809, at *1 (Tex. App.—Beaumont Apr. 9, 2014) (mem. op., not designated for publication); *Kennedy v. State*, No. 10-22-00026-CR, 2022 WL 481070, at *1 (Tex. App.—Waco Feb. 16, 2022) (mem. op., not designated for publication); *McCreary v. State*, No. 12-20-00029-CR, 2020 WL 827587, at *2 (Tex. App.—Tyler Feb. 19, 2020) (mem. op., not designated for publication); *Amos v. State*, No. 13-22-00458-CR, 2022 WL 17351779, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 1, 2022) (mem. op., not designated for publication), *reh'g denied* (Dec. 27, 2022); *Kossie v. State*, No. 14-20-00671-CR, 2021 WL 245236, at *1 (Tex. App.—Houston [14th Dist.] Jan. 26, 2021) (mem. op., not designated for publication).

trial court "entered a written order . . . denying the relief sought" by Appellant, as required by Article 11.072. TEX. CODE CRIM. PROC. art. 11.072 §§ 6(a), 7(a), 7(b). If the trial court did not, then no appealable order issued from the trial court and the court of appeals necessarily lacked jurisdiction over the case.

The record in this case includes no written order signed by the actual trial court judge that rules on the merits of Appellant's Article 11.072 writ application. The trial court judge signed nothing beyond the initial order of October 2, 2018, by which he referred the writ application to the magistrate judge to conduct fact development. Consequently, the question here is whether any action that the *magistrate judge* took during the ensuing proceedings ultimately counted as the "written order" of *the trial court* denying relief, capable of conferring jurisdiction over Appellant's appeal on the court of appeals. For the following reasons, we conclude that none of the magistrate judge's actions resulted in an appealable order of the trial court in this case.

### A. Which Order (If Any) Could Be the Appealable Order?

We next review the actions of the trial court judge and the magistrate judge, *seriatim*, to explain why nothing that occurred at the trial court level amounted to a *written order of the trial court denying relief.*

### 1. The Trial Court Judge's Order of Referral: October 2, 2018

The district court judge's order referring the Appellant's writ application to the magistrate judge, though it was in writing, was not, itself, of course, an order granting or denying relief. On its face, it authorized no more specific involvement on the magistrate judge's part

than to "conduct a hearing." Beyond that, it instructed the magistrate judge to "[a]ct in accordance with Sec. 54.908, Gov't Code, by virtue of which this matter is referred." The referral order also declared that "[a]ny action you take will become the decree of this Court if not super[s]eded by an order entered by me within fifteen (15) days of your report of your action to me." Pursuant to the referral order, the magistrate judge conducted an evidentiary hearing on March 14, 2019, at the conclusion of which it solicited proposed findings of fact and conclusions of law from the parties. This much he was authorized to do under Section 54.908(a)(1) and (a)(2) of the Government Code.

**2. The Magistrate's Findings and Conclusions: August 19, 2019**

The magistrate judge apparently took no further action until August 19, 2019. On that date, the magistrate judge announced on the record that he "hereby enters written findings of fact and conclusions of law which will be placed in the court's file." In the written "Findings of Fact and Conclusions of Law" that he filed, the magistrate judge "ma[d]e" findings and "formulate[d]" conclusions, as expressly authorized under Subsections (a)(8) and (a)(9) of Section 54.908 of the Government Code. TEX. GOV'T CODE §§ 54.908(a)(8), (a)(9). Based on those findings and conclusions, the magistrate judge then "*recommend[ed]* that relief be granted based on actual innocence." (emphasis added).

Although in writing, this document did not purport to actually *grant* Appellant relief. Did it nevertheless become the decree of the trial court when, at least as far as the record reveals, the trial court judge did not supersede it within fifteen days, as per the original order of

referral?[11] Even assuming for argument's sake that it did, another

---

[11] The dissent would hold that it did. Dissenting Opinion at 3 ("Pursuant to statute and the trial court's referral order, fifteen days after the magistrate entered the order, the magistrate's written order became the final decree of the trial court because the trial court did not correct or modify it or enter an order superseding it."). And it argues that the legislative history of Section 54.908 of the Government Code supports that conclusion. *Id.* at 3 n.5. Two notes in response.

First, it is unclear that adopting by inaction an order which only *recommends* that the trial court grant relief results in a decree that actually grants relief. The courts of appeals, at least with respect to their civil jurisdiction, have held that language merely recommending granting or denying the remedy sought does not constitute a final appealable judgment. *See, e.g.*, *In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 793 (Tex. App.— Houston [14th Dist.] 2017, orig. proceeding) (concluding that although the order at issue stated that the motions in question "should" be granted, it was "not a final judgment because it contain[ed] no decretal language that . . . finally dispose[d] of the action").

Second, a careful reading of the legislative history of Section 54.908 shows that it does not lend the support to the dissent's argument that the dissent suggests. The dissent notes that, prior to 2001, Section 54.908(b) stated: "A magistrate may not enter a ruling on any issue of law or fact if that ruling could result in dismissal or require dismissal of a pending criminal prosecution, but the magistrate may make findings, conclusions, and recommendations on those issues." Acts 1989, 71st Leg., ch. 1068, § 1, p. 4322, eff. Aug. 28, 1989. The dissent argues that, by removing this language from Section 54.908, "the Legislature clearly sought to improve the flow of the judicial process by providing more flexibility for trial courts in relying upon magistrates." Dissenting Opinion at 3 n.5.

But then, as now, Section 54.908 limited the matters a magistrate could "rule" on to the admissibility of evidence and pretrial motions. *Compare* Acts 2001, 77th Leg., ch. 680, § 1, p. 1286, eff., Sept. 1, 2001 (Section 54.908 as amended in 2001), *with* TEX. GOV'T CODE § 54.908(a) (the current statutory language, which still only allows a magistrate to "rule" on questions about admissibility of evidence and pretrial motions). Thus, when the Legislature removed the prohibition on magistrates issuing rulings which "could result in dismissal or require dismissal[,]" it merely removed what might have otherwise seemed like a prohibition against rulings on the admissibility of evidence or on pretrial motions if those rulings could result in or require dismissal of a criminal prosecution. In other words, the Legislature's removal

question remains: Would that decree constitute the written order necessary to dispose of Appellant's Article 11.072 application?

In short, the answer is no. Appellant would not be authorized under Article 11.072, Section 8, to appeal, since an *applicant* may only appeal the *denial* of relief under that provision. TEX. CODE CRIM. PROC. art. 11.072 § 8. The magistrate judge's August 19, 2019, findings did not purport to deny relief. The court of appeals would therefore have lacked jurisdiction to entertain such an appeal.

### 3. Motion to Reconsider: September 17 & November 5, 2019

On September 17, 2019, the magistrate judge signed a written order granting the State's request to reconsider his August 19th findings of fact and conclusions of law and his recommendation that relief be granted. This written order did not come from the trial court judge, and it neither granted nor denied relief on the writ application itself. It was therefore not an appealable order under Article 11.072.

On November 5, 2019, in open court and on the record, the magistrate judge declared that he was setting aside his earlier findings and conclusions and adopting the State's proposed findings and conclusions instead. He then stated: "To summarize, I am denying relief under the application for writ of habeas corpus." He did not, at that time,

---

of the prohibition on entering a ruling if that ruling could result in or require dismissal made it clear that it was indeed possible for a magistrate to rule on the admissibility of evidence or a pretrial motion *even if* that ruling might ultimately result in the dismissal of a criminal case. It did not also thereby increase the number or type of issues upon which a magistrate could "rule," as otherwise limited by the text of Subsection 54.908(a). And still conspicuously absent from the enumerated powers of magistrates is any express authority to *rule* on an application for writ of habeas corpus. *See* TEX. GOV'T CODE § 54.908(a).

however, memorialize this oral pronouncement with a written order. Nor did the magistrate judge himself have the authority to ultimately rule on the writ application—by written order or otherwise.

Making an ultimate ruling on the merits of an Article 11.072 writ application is not among the powers of a magistrate judge that are listed in Section 54.908(a) of the Government Code. While that provision permits a magistrate judge to "rule on the admissibility of evidence" and to "rule on a pretrial motion[,]" it does not empower him to rule on the merits of a habeas application. TEX. GOV'T CODE § 54.908(a)(4), (10). It is true that Subsection (a)(15) of Section 54.908 contains a kind of catch-all provision, providing that a magistrate "may do any act and take any measure necessary and proper for the efficient performance of the duties required by the order of referral." *Id.* at § (a)(15). But the referral order in this case authorized the magistrate judge to do nothing more than issue the writ of habeas corpus and simply "to hold a hearing." That referral order, even when construed alongside the general powers enumerated in Section 54.908(a), cannot reasonably be read to have "required" the magistrate judge to rule on the merits of Appellant's Article 11.072 writ application on the trial court's behalf.

And in any event, this oral ruling on the merits could not serve to confer jurisdiction in the court of appeals. While it did at least purport to *deny* (not just recommend denying) relief for purposes of an applicant's appeal under Section 8 of Article 11.072, this oral ruling did not constitute a "written order" that would trigger a right to appeal under Article 11.072. That seems to be the reason the court of appeals sent a letter to the parties on February 7, 2020, threatening to dismiss

Appellant's appeal (presumably for want of appellate jurisdiction) if "this defect is not cured."

**4. The Magistrate Judge's Order of February 18, 2020**

This brings us to the magistrate judge's written order of February 18, 2020, which the State solicited in response to the court of appeals' February 7th letter.[12] Here, for the first time, the magistrate judge memorialized his *recommendation* that relief be denied, in writing: "This Court . . . now enters an order entering into the record the ruling of the habeas court, finding that relief *should be* denied." (Emphasis added). It expressly ordered "that this Court's previous oral pronouncement of this decision is **ENTERED**." However, the oral pronouncement of November 5, 2019, had seemed to do more than just enter "this decision" that "relief *should be denied*." (Emphasis added.) In fact, the magistrate judge had orally pronounced on November 5th that "*I am denying relief* under the application for writ of habeas corpus." (Emphasis added.)

So, what was the effect of the magistrate judge's written order of February 18, 2020? On original submission, the court of appeals was apparently content to regard the magistrate judge's February 18th order

---

[12] The body of the magistrate judge's written order of February 18th reads, in its entirety:

> On this date, the above Motion to Enter order of the court, asking this Court to enter the November 5, 2019, ruling of the habeas court, was presented. This Court, having considered the same, now enters an order entering into the record the ruling of the habeas court, finding that relief should be denied. The entry of this court shall serve as a final, written order for appellate purposes.
>     IT IS THEREBY **ORDERED** THAT THIS COURT'S PREVIOUS ORAL PRONOUNCEMENT OF THIS DECISION IS **ENTERED**.

as an appealable order, proceeding to the merits of Appellant's arguments on appeal. But the answer to the question boils down to whether the court of appeals was justified in regarding the magistrate judge's written order of February 18th as sufficient to confer it with appellate jurisdiction.

## B. Appealable Order Under Section 54.912, Government Code?

Did the magistrate judge's written order of February 18th denying relief somehow become the written order of *the trial court* by virtue of the district court judge's initial referral order? Or, at the very least, did the February 18th order become a written order of *the trial court* fifteen days after that action was taken, by reference to the express terms of the referral order itself.[13] It is perhaps arguable that such a provision in a referral order is not inconsistent with the terms of Section

---

[13] Section 54.912, on its face, does not explicitly permit nor prohibit the referring court judge from imposing a specific temporal deadline on when the magistrate judge's action should become the decree of the trial court. *See* note 15, *post*. So, at what point in time, if ever, would the magistrate judge's "action" become the decree of the trial court? Does that only happen "at the conclusion of" the term, or can the referring court prescribe an earlier date? If the referring court picks an earlier date, then does the magistrate judge's written recommendation become the trial court's written order on *that* date for purposes of disposing of an Article 11.072 writ application? Or does the magistrate judge's recommendation only become the order of the trial court for Article 11.072 purposes on the date at the end of term when the trial court enters its official decree on its minutes adopting the magistrate judge's recommendation? Indeed, this Court has said that an appealable order is "entered" when the trial court "signs" it. *State v. Wachtendorf*, 475 S.W.3d 895, 899 (Tex. Crim. App. 2015) (plurality opinion). So, should the earlier date upon which the magistrate judge signed the recommendation serve as the launching point (as the court of appeals seems tacitly to have assumed), even though it has not yet even become the *decree* of the trial court according to the timeline established by the referral order, much less a written order *granting or denying relief* for purposes of Article 11.072?

54.912 of the Government Code.[14]

We do not ultimately believe, however, that Section 54.912 of the Government Code controls. The mere tacit acceptance of a magistrate judge's recommended ruling as the decree of the court, under Section 54.912(c) of the Government Code, does not result in an appealable order from an Article 11.072 proceeding. We conclude, instead, that Article 11.072 *itself* requires, as a predicate to appellate jurisdiction, a discrete written order from the trial court judge that either grants or denies relief.[15]

## C. Appealable Order Under Article 11.072?

Several provisions of Article 11.072 contemplate that the disposition of a writ application may be accomplished *only* by way of a

---

[14] Section 54.912(a) permits the trial court judge wide latitude with respect to the "action taken by the magistrate" following a referral order. If the trial court judge does not exercise the latitude afforded by Section 54.912(a)— if he "does not modify, correct, reject, reverse, or recommit for further information"—then the magistrate's "action becomes the decree of the court" by virtue of Section 54.912(b). But this subsection of the statute does not speak to *when* that occurs. Only Section 54.912(c) speaks to *when*: "At the conclusion of each term during which the services of a magistrate are used, the referring court shall enter a decree on the minutes adopting the actions of the magistrate of which the court approves."

[15] Indeed, entry of a decree on the minutes adopting the action of the magistrate, under Section 54.912(c), might constitute the written order of the trial court that Article 11.072 demands, depending upon how it might be phrased. A written decree, entered in the minutes of the court, expressly declaring that the trial court adopts the magistrate judge's proposed findings of fact and conclusions of law and thereby does grant (or deny) relief, followed by the judge's signature, would certainly seem to satisfy Article 11.072. TEX. CODE CRIM. PROC. art. 11.072 §§ 6(a) ("the trial court shall enter a written order granting or denying the relief sought in the application."), 7(a) ("the [trial] court shall enter a written order including findings of fact and conclusions of law.").

written order granting or denying relief—*by the trial court*. For instance, as we have observed, "*the trial court* shall enter a written order granting or denying relief sought" within sixty days of the filing of the State's answer. TEX. CODE CRIM. PROC. art. 11.072 § 6(a) (emphasis added). If "the court" concludes that the writ application is frivolous, *it* "shall enter a written order denying the application as frivolous." *Id.* § 7(a) (emphasis added). "In any other case, *the court* shall enter a written order including findings of fact and conclusions of law." *Id.* (emphasis added).[16]

Nothing in Chapter 54, Subchapter N, of the Government Code, which regulates criminal law magistrates in Bexar County, authorizes a magistrate judge to whom an Article 11.072 writ application has been referred to render an order that ultimately disposes of the case.[17] Only

---

[16] What is more, under Section 7(b) of Article 11.072, at the time the written order is entered, "the clerk of the court shall immediately . . . send a copy of the order" to the parties. TEX. CODE CRIM. PROC. art. 11.072 § 7(b). It is hard to imagine how the clerk of the court could send *a copy* of the entry of a decree that the district court has accepted the magistrate's recommendation upon the minutes of the court to the parties.

[17] At least one court of appeals has recognized as much, albeit in an unpublished opinion. In *Ex parte 1993 Custom Van*, No. 07-97-0254-CR, 1997 WL 760554, at *1 (Tex. App.—Amarillo 1997) (not designated for publication), the same magistrate judge involved in this case orally pronounced judgment awarding a vehicle to the San Antonio Police Department for destruction. The court of appeals noted that, even assuming an oral pronouncement would have constituted a final judgment, "§ 54.908(a)(11) provides that a magistrate may 'recommend the rulings, orders, or judgment to be made in a case.' It is noteworthy that nowhere in the statute does it provide that a criminal law magistrate may actually render a final 'ruling, order or judgment.'" *Id.* at *2. Consequently, the court concluded that, "while a criminal law magistrate may be empowered to recommend rulings of law and fact, the magistrate is not

the trial court judge can sign the written order disposing of the case, and only a written order of the trial court judge, so disposing of the case, will serve as an appealable order. We conclude, then, that a trial court judge's eventual entry of a decree on the minutes of the court, adopting a magistrate judge's *recommended* disposition of the case, does not constitute the signed written order necessary to confer appellate jurisdiction.[18] The court of appeals did not acquire jurisdiction as a result of the magistrate judge's written order of February 18, 2020—regardless of whether that order purported to actually deny relief or whether the trial court judge may yet (the record does not reveal) have adopted that order on its minutes as the decree of the court.[19]

---

empowered to render a final decree or judgment. That being true, no final appealable judgment has been entered." *Id.* at *3.

[18] Our conclusion that only a signed written order from the trial court judge constitutes an appealable order in an Article 11.072 case has the benefit of creating a fixed point from which the appellate timetable begins—the date the trial court judge signs an order granting or denying relief, whether or not based on the recommendations of a magistrate judge. "Establishing a definite starting date for calculating appellate timetables serves the interests of all parties." *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (quoting *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991)).

[19] The court of appeals concluded that the State should be estopped from challenging its jurisdiction on the ground that, having induced the magistrate judge to sign what purported to "serve as a final, written order for appellate purposes[,]" the State should not be permitted to argue that the magistrate judge never had authority to enter such an order. *Sinclair II*, 2022 WL 619146 at *1. Appellant has not advanced that argument before this Court. (Appellant argues, instead, that the State is estopped from denying that the magistrate's August 19, 2019, recommended findings and conclusions constituted a written order of the trial court granting Appellant relief because it later filed a motion to set aside those findings and recommendation.) And even if Appellant had asserted the same estoppel argument embraced by the court of appeals, we

## IV. CONCLUSION

We conclude that there is not yet an appealable order in this case, and that the court of appeals consequently never acquired jurisdiction to entertain Appellant's appeal.[20] Accordingly, we vacate the judgment

note that the State obtained no benefit from its assistance to the defense when it requested that the magistrate judge reduce its otherwise oral-only order made on November 5, 2019, to writing. Also, as the court of appeals observed with regard to the State's motion for rehearing: "the State assert[ed] that [the court of appeals] lack[ed] jurisdiction over this appeal because the trial court did not enter an appealable order *as Bexar County Magistrates have no authority to issue a final order regarding a writ of habeas corpus.*" *Id.* (emphasis added). But there is a difference between arguing that an order is not appealable because it is not in writing and arguing that an order is not appealable because it is not even a final order made by a proper judicial officer and therefore subject to appeal.

In any event, ordinarily, "estoppel does not apply when the trial court lacked jurisdiction." *See Ex parte Heilman*, 456 S.W.3d 159, 167 (Tex. Crim. App. 2015). And "[a]lthough only subject matter jurisdiction is categorically immune from estoppel, *Gutierrez v. State*, 380 S.W.3d 167, 177 (Tex. Crim. App. 2012), demonstrating estoppel to challenge some other type of jurisdiction would seem to be an onerous task." *Ex parte Macias*, 541 S.W.3d 782, 786 n. 23 (Tex. Crim. App. 2017). The court of appeals was obligated to examine whether it had jurisdiction, regardless of the State's arguments on rehearing. *See State v. Martinez*, 548 S.W.3d 751, 760 (Tex. App.—Corpus Christi–Edinburg 2018) ("We first must determine whether we have jurisdiction over this . . . appeal."). To now hold that this Court cannot consider the underlying issue in this case on the same grounds as the court of appeals did, would be, in effect, to hold that the court of appeals can be conferred jurisdiction by estoppel. This, we will not do. *Cf. Daniel v. Dallas Indep. Sch. Dist.*, 351 S.W.2d 356, 359 (Tex. App.—El Paso 1961, writ ref'd n.r.e.) ("[J]urisdiction of a court is so important and essential that it has long been held that it cannot be conferred by estoppel.").

[20] We therefore dismiss, as moot, the ground for review that we granted on our own motion.

As to the statutory "conflict" the dissent alleges this opinion "creates," Dissenting Opinion at 9, we make two observations. First, to the extent that Article 11.072's requirement that "the trial court shall enter a written order granting or denying the relief sought" conflicts with Section 54.912(b)'s

of the court of appeals and remand the case to that court with instructions to dismiss the appeal. TEX. R. APP. P. 78.1(d). The case remains pending in the trial court.

**FILED:**                                                     July 31, 2024
**PUBLISH**

---

adoption-by-inaction provision, that conflict arises from the statutes' plain language, not because this Court "creates" it. TEX. CODE CRIM. PROC. art. 11.072 § 6(a); TEX. GOV'T CODE § 54.912(b). To "harmonize" the statutes so that the magistrate judge's recommendation would become the written order of the trial court through inaction would require the Court to ignore: (1) the trial court judge's referral order, which did not authorize the magistrate judge to rule on the merits of the application; (2) Article 11.072's plain language, which limits what a magistrate judge may do to "hold[ing] a hearing" and "mak[ing] findings of fact"; and (3) Section 54.912(c), which requires the trial court judge to explicitly "adopt[] the actions of the magistrate of which it approves." *See* TEX. CODE CRIM. PROC. art. 11.072 § 6(d); TEX. GOV'T CODE § 54.912(c). Second, the dissent vastly overstates the extent and effect of what it deems to be the "conflict." It is true that in habeas cases seeking relief from an order of community supervision, Article 11.072 requires the trial court judge to do more than simply adopt a magistrate judge's recommendation by utter inaction. But the burden on the trial court judge is no more onerous than issuing an order explicitly stating that it grants or denies relief as the magistrate judge recommends.